UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOUTHERN CALIFORNIA ALLIANCE OF PUBLICLY OWNED TREATMENT WORKS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al.,<br><br>Defendants. | No. 2:16-cv-02960-MCE-DB<br><br>**MEMORANDUM AND ORDER** |

By way of the instant action, Plaintiffs Southern California Alliance of Publicly Owned Treatment Works ("SCAP"), the Central Valley Clean Water Association, the National Association of Clean Water Agencies, and the Bay Area Clean Water Agencies (collectively "Plaintiffs") seek declaratory and injunctive relief against Defendants United States Environmental Protection Agency ("EPA"), as well as the EPA's Acting Regional Administrator for Region IX, Defendant Alexis Strauss.[1] According to Plaintiffs, Defendants are impermissibly allowing and/or requiring the use of unpromulgated statistical or other procedures for testing toxicity, including what is known as the Test of Significant Toxicity ("TST"), when issuing permits related to the treatment and release of

---

[1] For reasons that will become clear below, the above-captioned action will be referred to as "SCAP II."

1

wastewater.  This Court previously dismissed Plaintiffs' First Amended Complaint ("FAC") with leave to amend.  ECF No. 36.  Plaintiffs thereafter timely filed the now operative Second Amended Complaint ("SAC").  ECF No. 37.  Presently before the Court is Defendants' Motion to Dismiss (ECF No. 42) the SAC, which is hereby GRANTED without leave to amend.[2]

This Court has already addressed the unviability of Plaintiffs' claim in its prior Memorandum and Order ("Order"), which granted Defendants' earlier Motion to Dismiss.  ECF No. 36.  Because the SAC contains no materially new allegations, that prior Order is incorporated in its entirety herein by reference and the SAC is dismissed as well.  Indeed, the SAC contains identical claims as the FAC, but repackages the allegations as "*ultra vires*" in a disingenuous attempt to avoid the effects of the applicable six-year statute of limitations.  Adding this label, however, does nothing to change the substance of Plaintiffs' allegations, which are entirely procedural in nature.  Plaintiffs do not point to any substantive shortcomings to substantiate their claims, but instead reiterate their argument that Defendants rely on an improperly promulgated rule to justify their actions concerning the TST.  This procedural challenge, having been previously rejected by this Court, is properly treated pursuant to the Court's analysis in its prior Order, not the authorities cited in Plaintiffs' Opposition.  See, e.g., Wind River Mining Corp. v. United States, 946 F.2d 710 (9th Cir. 1991).

Finally, to the extent Plaintiffs argue in their Opposition that the TST is a WET test method and that Defendants failed to perform the mandatory duty of promulgating the TST guidance through formal notice and comment rule making, those arguments also fail.  First, WET test methods are considered "other limitations" under the CWA.  See 33 U.S.C. § 1369(b)(1)(E).  Even assuming that Plaintiffs were correct in their characterization, such a challenge should have been brought in the court of appeals

////

---

[2] Having determined that oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs in accordance with Local Rule 230(g).

within 120 days of the publication of the 2010 TST Guidance.  The current challenge was thus initiated too late and in the wrong forum.

Second, any claim that the EPA failed to perform a mandatory duty under the CWA cannot be pursued under the APA because the CWA itself provides an adequate remedy in court.  5 U.S.C. § 704 (APA review is limited to "final agency action for which there is no other adequate remedy in a court."); 33 U.S.C. § 1365(a) (citizen suit permitted "(1) against any person (including (i) the United States, and (ii) any other governmental instrumentality or agency to the extent permitted by the eleventh amendment to the Constitution) who is alleged to be in violation of (A) an effluent standard or limitation under this chapter or (B) an order issued by the Administrator or a State with respect to such a standard or limitation, or (2) against the Administrator where there is alleged a failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator").  As Plaintiffs fail to address this contention in their Opposition, they effectively concede that any arguments to the contrary must fail.

Accordingly, for the foregoing reasons, Defendants' Motion to Dismiss (ECF No. 42) is GRANTED.  Plaintiffs have had multiple opportunities to try to state a claim, and it does not appear they will be able to add any additional allegations to do so.  Therefore, no further leave to amend will be permitted, and the Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  February 14, 2019

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE